IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAR 3 0 2001

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

| | | |
|---|---|---|
| LESLIE HUNTINGTON | § | COMPLAINT-REPRESENTATIVE |
| JESSE P. JAMES | § | ACTION |
| DAVID LAWRENCE | § | |
| TERRY MAX SCHARDERIN | § | |
| CHARLES A. MILLER | § | CA NO. : _____ |
| JERRY CHAMBERS | § | |
| LEE JACOBSON | § | **2-01CV-0133J** |
| NORMAN S. TRIMBLE | § | |
| MARK NOBLE | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | |
| ASARCO, INC., | § | |
| | § | |
| Defendant. | § | |

## INTRODUCTION

1.    This is a representative action for unpaid wages and overtime brought pursuant to

the Fair Labor Standards Act, 29 U.S.C. §216(b).

## JURISDICTION

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1337.

## PARTIES

3.    Plaintiffs are residents of Potter County, Texas or adjacent counties.  They bring

this action on behalf of themselves and representatives of similarly situated workers who

Plaintiffs' First
Original Complaint                          1

file consents to join in this action.

4.     Defendant **ASARCO, INC.**, a foreign corporation and is believed to be wholly

owned by Grupo Mexico, S.A., is engaged in the production of goods for commerce in the

State of Texas and at various other locations in the United States.

## FACTS

5.     At various times until February 2001, Plaintiffs have been employed in the

production of goods for commerce at the copper refinery plant operated by Defendant

ASARCO, INC., in Amarillo, Texas

6.     During this, time Defendant ASARCO failed to pay Plaintiffs their regular rate of

pay for all hours of work they performed up to 40 hours per week and failed to pay them

overtime for hours of work they performed in excess of 40 hours per week as required by

the Fair Labor Standards Act.

7.     The failure to pay Plaintiff their lawful wages under the Fair Labor Standards Act

included, but was not limited to, failing to pay them for time spent donning and doffing

personal protective equipment, working in the refinery at the direction of their employer

before and after their scheduled shifts, cleaning personal protective equipment, requiring

Plaintiffs to arrive at and prepare their stations, and to receive their daily assignments for

the days work.  All of this occurred before or after paid time.

8.     Numerous similarly situated individuals working in the production of goods for

commerce at the Defendant's refinery in Amarillo, Texas were also deprived of their lawful

Plaintiffs' First
Original Complaint                              2

wages under the Fair Labor Standards Act in the same manner as Plaintiffs. This action is brought on behalf of those similarly situated workers.

9.      The Defendant's failure to pay Plaintiffs and similarly situated workers their lawful wages required by the Fair Labor Standards Act was willful. Despite its knowledge that time spent performing the above activities was compensable time under the FLSA, ASARCO, INC., took no steps to compensate workers at its refinery in the State of Texas. On  information and belief, the Defendant took no steps to compensate similarly situated workers at its other plants in other locations for this time.

## REPRESENTATIVE ACTION

10.      Plaintiffs bring this action on behalf of themselves and all similarly situated employees of ASARCO, INC. Plaintiffs request that notice be issued to these employees informing them of their right to file consents to join in this action.

## CAUSE OF ACTION

11.      Plaintiffs and similarly situated workers are entitled to relief pursuant to 29 U.S.C. 216(b) of the Fair Labor Standards Act.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray that this Court:

1.      Issue notice to all similarly situated employees of ASARCO, INC., informing them of their right to file consents to join in this action;

2.      Declare that Plaintiffs and similarly situated workers who file consents to join in this

Plaintiffs' First
Original Complaint                              3

suit are entitled to pay for all of their FLSA-defined hours of work, including, but not limited to, time spent donning and doffing personal protective equipment cleaning personal protective equipment, working in the plant at the direction of their employer before and after their scheduled shifts, cleaning personal protective equipment, working in the refinery at the direction of their employer before and after their scheduled shifts, cleaning personal protective equipment, requiring plaintiffs to arrive and prepare their stations, and to receive their daily work assignments.  All of this occurred before or after paid time.

3.      Awarding Plaintiffs and similarly situated workers who file consents to join in this suit, their unpaid regular hourly wages for hours of work up to 40 hours per week and their unpaid overtime for all hours of work in excess of 40 hours per week, an equal amount of liquidated damages, attorneys' fees, and costs of suit and such other relief as this Court deems just and proper.

                    Respectfully submitted,

                    LESLY & RUSS, PLLC
                    2700 S. WESTERN, SUITE #1200
                    AMARILLO, TEXAS 79109
                    (806)468-8828
                    (806)358-9296 - FAX


                    BY: _____
                       PHILIP R. RUSS, P.C.
                       SBN: 17406000

Plaintiffs' First
Original Complaint                    4