U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP - 4 2001
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LESLIE HUNTINGTON | § | |
| JESSE P. JAMES | § | COMPLAINT-REPRESENTATIVE |
| DAVID LAWRENCE | § | ACTION |
| TERRY MAX SCHARDERIN | § | |
| CHARLES H. MILLER | § | |
| JERRY CHAMBERS | § | |
| LEE JACOBSON | § | |
| NORMAN S. TRIMBLE | § | |
| MARK NOBLE | § | |
| JOHN GRAY | § | |
| DAVID LERCH | § | |
| RICHARD WEATHERS | § | |
| MIKE HEISELMAN | § | CA NO.: 2-01-CV-0133-J |
| JAMES REARDON | § | |
| THOMAS J. TENNESON | § | |
| BILL WADDINGTON | § | |
| STANLEY HOHN | § | |
| | § | |
| | § | |
| | § | |
| VS. | § | |
| | § | |
| ASARCO, INC. | § | |

## PLAINTIFFS' THIRD AMENDED COMPLAINT

### INTRODUCTION

1. This is a representative action for unpaid wages and overtime brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b).

## JURISDICTION

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1337.

## PARTIES

3.   Plaintiffs are residents of Potter County, Texas or adjacent counties and Lewis & Clark County, Montana, or adjacent counties. They bring this action on behalf of themselves and representatives of similarly situated workers who filed consents to join this action.

4.   Defendant **ASARCO, INC.**, is a foreign corporation and is believed to be wholly owned by Grupo Mexico, S.A., is engaged in the production of goods for commerce in the State of Texas, State of Montana, and at various other locations in the United States.

## FACTS

5.   At various times until February 2001, Plaintiffs have been employed in the production of goods for commerce at the copper refiner plant operated by Defendant ASARCO, INC., in Amarillo, Texas and at the lead smelter operated by Defendant ASRACO, INC., in East Helena, Montana.

6.   During this time, Defendant ASARCO failed to pay Plaintiffs their regular rate of pay for all hours of work they performed up to 40 hours per week and failed to pay them overtime for hours of work they performed in excess of 40 hours per week as required by the Fair Labor Standards Act.

7.   The failure to pay Plaintiffs their lawful wages at the Amarillo, Texas refinery under

Plaintiffs' Third Amended
Complaint                                                                                                         2

the Fair Labor Standards Act included, but was not limited to, failing to pay them for time spent donning and doffing personal protective equipment, working in the refinery at the direction of their employer before and after their scheduled shifts, cleaning personal protective equipment, requiring Plaintiffs to arrive at and prepare their stations, and to receive their daily assignments for the days work. The failure to pay Plaintiffs their lawful wages at the East Helena, Montana smelter un the Fair Labor Standards Act included, but was not limited to failing to pay them for time spent donning personal protective equipment, requiring plaintiffs to arrive at and prepare their work stations, and on the occasion of down time days, secure and prepare for additional safety and protective equipment. All of this occurred, before or after paid time.

8. Numerous similarly situated individuals working in the production of goods for commerce at the Defendant's refinery in Amarillo, Texas and Defendant's smelter in East Helena, Montana were also deprived of their lawful wages under the Fair Labor Standards Act in the same manner and Plaintiffs. This action is brought on behalf of those similarly situated workers.

9. The Defendant's failure to pay Plaintiffs and similarly situated workers their lawful wages required by the Fair Labor Standards Act was willful. Despite its knowledge that time spent performing the above activities was compensable time under the FLSA, ASARCO, INC., took no steps to compensate workers at its refinery in the State of Texas and at its smelter in the State of Montana. On information and belief, the Defendant took

no steps to compensate similarly situated workers at its other plants in other locations for this time.

## REPRESENTATIVE ACTION

10. Plaintiffs bring this action on behalf of themselves and all similarly situated employees of ASARCO, INC. Plaintiffs request that notice be issued to these employees informing them of their rights to file consents to join in this action.

## CAUSE OF ACTION

11. Plaintiffs and similarly situated workers are entitled to relief pursuant to 29 U.S.C. 216(b) of the Fair Labor Standards Act.

## COUNT II

12. This Court has jurisdiction of this Count under Section 1332 of Title 28 of the United States Code (28 U.S.C.A. §1332) and the principles of pendent jurisdiction.

13. The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

14. Montana Plaintiffs and consent plaintiffs repeat and reallege, with the same force and effect as though set forth herein at length, each and every allegation contained in paragraphs 1 through 11, inclusive of this Second Amended Complaint, as they relate to Montana Plaintiffs.

15. The claims herein are based on the same operative facts set forth in paragraphs 1 through 11 of this Second Amended Complaint, and, as a matter of convenience and

fairness to the parties, as well as judicial economy, this Court should exercise jurisdiction over the pendent claims of the Montana plaintiffs and consent plaintiffs.

16. Defendant ASARCO, has violated the Montana Wage and Hour laws, Mont. Code §39-3-104(i), which provides non-exempt employees are to be paid time and one-half for all hours worked over forty (40) hours in a work week.

17. Defendant ASARCO is in violation of the Montana Code and is subject to the statutory penalties as forth in Mont. Code §39-03-206-7 for which the plaintiffs herein sue.

18. Defendant ASARCO is liable to the workers for unpaid or underpaid wages, costs and attorneys fees pursuant to Mont. Cod §39-30-407, for which plaintiffs herein sue.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray that this Court:

1. Issue notice to all similarly situated employees of ASARCO, INC., informing them of their right to file consents to join in this action;

2. Declare that Plaintiffs and similarly situated workers who file consents to join in this suit are entitled to pay for all of their FLSA-defined hours of work, including, but not limited to, time spent donning and doffing personal protective equipment, cleaning personal protective equipment working in the plant at the direction of their employer before and after their scheduled shifts, cleaning personal protective equipment, requiring plaintiffs to arrive and prepare their stations, and to receive their daily work assignments. All of this occurred before or after paid time.

Plaintiffs' Third Amended Complaint

5

3. Awarding Plaintiffs and similarly situated workers who file consents to join in this suit, their unpaid regular hourly wages for hours of work up to 40 hours per week and their unpaid overtime fo all hours of work in excess of 40 hours per week, and equal amount of liquidated damages, attorney's fees, and costs of suit and such other relief as this Court deems just and proper.

        Respectfully submitted,

        LESLY & RUSS, PLLC
        JOHN LESLY, P.C.
        SBN: 12232500
        PHILIP R. RUSS, P.C.
        SBN: 17406000
        2700 S. WESTERN, SUITE #1200
        AMARILLO, TEXAS 79109
        (806)468-8828
        (806)358-9296 - FAX

BY: _____
      JOHN LESLY, P.C.
      SBN: 12232500

## CERTIFICATE OF SERVICE

I, John Lesly, hereby certify that a true and correct copy of the foregoing document has this the 31st day of August, 2001, been forwarded to the opposing counsel of record addressed as follows:

Mr. Jerome W. Johnson
Mr. Kelly Utsinger
Mr. Grant O. Adams
UNDERWOOD, WILSON, BERRY, STEIN & JOHNSON, P.C.
P.O. Box 9158
Amarillo, Texas 79105-9158

John Lesly, P.C.